UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT HOFFMAN,<br><br>                       Plaintiff,<br><br>v.<br><br>RONALD WYSE,<br><br>                       Defendant. | Case No. 20-cv-11897<br>Honorable Shalina D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S REQUEST TO VOLUNTARILY DISMISS THE CASE WITH PREJUDICE (ECF NO. 37) AND TO DENY AS MOOT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 33)**

Plaintiff Robert Hoffman, a pro se prisoner in the custody of the Michigan Department of Corrections (MDOC), filed this civil rights action under 42 U.S.C. § 1983 against Defendant Ronald Wyse. ECF No. 1. The Honorable Shalina D. Kumar referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 29.

Wyse moves for summary judgment. ECF No. 33. Hoffman did not respond to the motion despite the Court's orders to show cause why his claims should not be dismissed. ECF No. 35; ECF No. 36. Instead, Hoffman requests that the case be dismissed with prejudice, explaining that

a recent surgery prevents him from prosecuting the case and that he cannot defeat Wyse's motion for summary judgment. ECF No. 37.

Because Hoffman is the moving party seeking to dismiss his own claims, his request is one for voluntary dismissal. The Court has discretion to grant Hoffman's request for a voluntary dismissal without prejudice "on terms the court considers proper." Fed. R. Civ. P. 41(a)(2). "A Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice." *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 954 (6th Cir. 2009).

Hoffman requests that his claims be dismissed with prejudice, thereby precluding him from refiling them in another action. Since Wyse seeks the same relief in his motion for summary judgment, he will suffer no prejudice from a voluntary dismissal. *Cf. Cain v. Rinehart*, No. 19-11278, 2022 WL 6600923, at *1 (E.D. Mich. July 18, 2022), *adopted*, 2022 WL 3999959 (E.D. Mich. Sept. 1, 2022) (denying request to voluntarily dismiss claims without prejudice where defendant was entitled to summary judgment). Thus, the Court **RECOMMENDS** that Hoffman's request to voluntarily dismiss the action be **GRANTED** and that Wyse's motion for summary judgment be **DENIED** as moot.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: January 5, 2023

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 5, 2023.

                                        s/Marlena Williams
                                        MARLENA WILLIAMS
                                        Case Manager